

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00092-CV
_____

ERICK LAWSON, APPELLANT

V.

PAMELA THIELKE AND THE TEXAS BOARD OF PARDONS AND PAROLES,
APPELLEES

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCV-20818-23, Honorable Scott A. Say, Presiding

July 25, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Erick Lawson, an individual committed to the Texas Civil Commitment Center as a sexually violent predator, appeals from the trial court's order dismissing his suit against Pamela Thielke and the Texas Board of Pardons and Paroles (Board). Thielke and the Board filed a plea to the trial court's jurisdiction. They contended that the court committing him to the center had jurisdiction of the proceeding. So too did they invoke sovereign

immunity.  Upon hearing the plea, the trial court granted it.  That lead to this appeal through which Lawson attacks the decision to dismiss.  We affirm.

### Background

Lawson was confined to the Lamb County commitment center in 2016.  The trial court that did so was the 9th Judicial District Court of Montgomery County.  In perusing his live, amended petition, we see that the dispute resulting in this appeal concerned his continued confinement to the facility.  Simply put, he viewed himself as entitled to "release[] back into the community county, to the county of [his] conviction."  There he would serve the remainder of his term of supervision.  Claims of breached fiduciary duty and denied due process were the mechanisms through which he sought to achieve that end, and they were levied against Thielke and the Board.

### Discussion

As said in the opening paragraph of this opinion, Thielke and the Board asserted dismissal was warranted because 1) the district court for the 9th Judicial District retained jurisdiction over the complaint and 2) they enjoyed sovereign immunity.

As can be seen from the record, Lawson did not commence his action in the 9th Judicial District but rather in the 154th.  Furthermore, the latter did not specify the particular ground upon which it relied in dismissing the action.  This is of import since the burden fell to Lawson to illustrate why neither supported the decision.  Yet, the focus of his appellate brief seemed to be sovereign immunity and why it did not bar the trial court from adjudicating the suit.  Little was said about the other potential reason supporting dismissal, and we find it dispositive.

Per statute, the court placing one in the commitment center "retains jurisdiction of the case with respect to a proceeding conducted under this subchapter, other than a criminal proceeding involving an offense under Section 841.085, or to a civil commitment proceeding conducted under Subchapters F and G." TEX HEALTH & SAFETY CODE § 841.082(d). That jurisdictional umbrella encompasses effort to secure less restrictive housing and supervision. *Cupit v. Tex. Civil Commitment Office*, No. 07-18-00228-CV, 2018 Tex. App. LEXIS 9384, at *4-5 (Tex. App.—Amarillo Nov. 16, 2018, no pet.) (mem. op.). Seeking release from total confinement into the community and being freed from his ubiquitous ankle monitor are tantamount to pursuing less restrictive housing and supervision. Thus, the district court for the 9th Judicial District, rather than that of the 154th Judicial District, had continuing jurisdiction over the action.

"Lawson may attempt to couch his complaint under the monikers of breached fiduciary duty and [unconstitutional] tort." *Lawson v. Edd*, No. 07-19-00176-CV, 2019 Tex. App. LEXIS 9210, at *6 (Tex. App.—Amarillo Oct. 18, 2019, no pet.) (mem op.). Yet its essence remained effort to change the nature of his confinement and secure lesser restrictive supervision. And, as we said in his earlier suit, "one may call an elephant an iguana" but "it is still an elephant." *Id.* So, casting the mask of breached fiduciary duty and constitutional violation over his allegations did not change the effect of § 841.082(d). The dispute still fell within the jurisdiction of a court other than the 154th.

We overrule Lawson's issues and affirm the trial court's order of dismissal without prejudice.

Brian Quinn
Chief Justice

3